# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE A. RASHEED aka JAMES E. SMITH,<br><br>            Plaintiff,<br><br>   v.<br><br>WARDEN HARRINGTON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-cv-01540-LJO-SMS PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FOR FAILURE TO SUBMIT FILING FEE<br><br>(Doc. 1) |

Plaintiff Tahee A. Rasheed, also known as James E. Smith, is a state prisoner proceeding pro se. On August 31, 2009, Plaintiff filed this action seeking relief pursuant to 28 U.S.C. § 1651 (the All Writs Act) and Federal Rule of Civil Procedure 65. Plaintiff seeks an injunction requiring Warden Harrington, Correctional Counselor Ullrich, and the trust office at Kern Valley State Prison to mail $22,500.00 to Lillian Smith, Hollie Garrett, and Talib S. Mujahid.

The All Writs Act does not confer original jurisdiction on federal courts. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 29, 123 S.Ct. 366, 368 (2002). In the event that jurisdiction is properly pled, "injunctive relief under the All Writs Act is to be used 'sparingly and only in the most critical and exigent circumstances.'" Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001) (quoting Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313, 107 S.Ct. 682 (1986) (internal quotations and citation omitted)). "Such an injunction is appropriate only if 'the legal rights at issue are indisputably clear.'" Id. (quoting Ohio Citizens for Responsible Enegery, 479 U.S. at 1313 (internal quotations and citation omitted)).

1

1  There is no jurisdictional basis for Plaintiff's request for relief.  Plaintiff is not entitled to any
2 relief under the All Writs Act, and this action shall be dismissed for failure to state a claim.  28
3 U.S.C. § 1915A.
4  Further, Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall
5 a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions,
6 while incarcerated or detained in any facility, brought an action or appeal in a court of the United
7 States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon
8 which relief may be granted, unless the prisoner is under imminent danger of serious physical
9 injury."[1]  Plaintiff is not eligible to proceed in forma pauperis in this action because he does meet
10 the imminent danger exception, Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), and
11 Plaintiff did not submit the $350.00 filing fee with his complaint.
12  Based on the foregoing, this action is HEREBY DISMISSED for failure to state a claim and
13 for failure to submit the filing fee.  28 U.S.C. § 1915A; 28 U.S.C. § 1915(g).

15 IT IS SO ORDERED.
16 **Dated:   September 4, 2009**           **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

---

[1] Among the dismissals suffered by Plaintiff that count as strikes under 1915(g) are case numbers 3:06-cv-05992-SI Smith v. Holm (N.D. Cal.) (dismissed 01/22/2007 for failure to state a claim); 1:07-cv-00509-LJO-SMS Smith v. Scribner (E.D. Cal.) (dismissed 05/04/2007 for frivolousness, maliciousness, and failure to state a claim); 1:06-cv-00310-AWI-NEW (DLB) PC (E.D. Cal.) (dismissed 05/09/2007 for failure to state a claim); and 1:07-cv-00531-AWI-SMS Smith v. Social Sec. Admin. Office, Employees (E.D. Cal.) (dismissed 05/09/2007 for failure to state a claim).